829 F.2d 37
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bashir Alade TENIOLA, Defendant-Appellant.
 No. 87-5052
 United States Court of Appeals, Fourth Circuit.
 Submitted July 7, 1987.
Decided August 28, 1987.
 
 (Robert W. Mance, on brief), for appellant.
 (Henry E. Hudson, United States Attorney, Ellyn Marcus Lindsay, Special Assistant United States Attorney, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bashir Alade Teniola appeals an order of the district court which denied his motion to suppress heroin found in his luggage. Under a conditional plea agreement, Teniola pled guilty to possession of heroin with intent to distribute, but reserved the right to appeal the denial of his suppression motion. We affirm.
 
 
 2
 Teniola was observed by special agents John Cornille and Camille Swanson of the Drug Enforcement Administration ('DEA') as he arrived at Washington National Airport on a flight from New York. Teniola was carrying a briefcase and a garment bag. The agents followed him up an escalator to the main level of the airport, lost sight of him, then saw him standing outside the terminal in the cab lane area.
 
 
 3
 The agents approached Teniola and identified themselves as DEA agents. Agent Cornille asked whether Teniola would answer some questions. Teniola agreed and, in response to questions, told the agents that he had just come off a flight from New York. Agent Cornille asked to see his ticket and his driver's license and then returned both to Teniola.
 
 
 4
 Agent Cornille explained that his job was to interdict narcotics coming into Washington. He asked Teniola whether he was carrying any narcotics. Teniola answered, 'Oh, no,' indicating that he was not.
 
 
 5
 Teniola agreed to allow the agents to search his baggage. He handed Agent Cornille his briefcase; no contraband was found in it. Teniola laid his garment bag on the ground for Agent Swanson to search, unzipped it and removed a pair of tennis shoes, which he set to one side.
 
 
 6
 After Swanson had finished her search of the garment bag, Teniola put the tennis shoes back in the bag. Each shoe had a sock inside it. Agent Swanson lifted one sock and saw under it a plastic container wrapped in plastic tape. A similar package was hidden under a sock in the other shoe. When Agent Swanson asked, 'What is this?' Teniola responded, 'I don't know.'
 
 
 7
 The agents then asked Teniola to move back with them inside the airport doors, and they brought in his briefcase, bag and tennis shoes. Agent Cornille cut open one of the brown packages and found inside a white powder which was later field tested and which proved to be heroin.
 
 
 8
 Teniola contends in this appeal that he was seized in violation of the Fourth Amendment when the agents first approached him because at that point they had no articulable grounds to suspect that he was engaged in criminal activity. However, a seizure within the meaning of the Fourth Amendment occurs when a person is restrained by physical force or a show of authority so that he reasonably believes his freedom of movement has been curtailed. United States v. Mendenhall, 446 U.S. 544, 553-54 (1980). The Fourth Amendment is not violated when law enforcement agents merely approach an individual in a public place and ask him if he is willing to answer some questions. Florida v. Royer, 460 U.S. 491, 497 (1983). We agree with the district court that the agents did nothing, prior to the discovery of the heroin, which would have led Teniola reasonably to believe that his freedom of movement had been curtailed.
 
 
 9
 Teniola contradicted Agent Cornille's version of events by testifying that the agents did not return his ticket and identification, that Agent Cornille asked him how much drugs he was carrying today and that both agents were holding on to his bags when they asked for permission to search. He states that he refused permission, but that the agents searched anyway.
 
 
 10
 After hearing the testimony of both Teniola and Agent Cornille, the district court concluded that no seizure had taken place. This determination is essentially factual and should be upheld unless clearly erroneous. United States v. Gooding, 695 F.2d 78, 82 (4th Cir. 1982). In this case, we find no error.
 
 
 11
 The district court further found that Teniola had voluntarily consented to the search of his luggage. Teniola disputes this finding by pointing out that he was not told that he had a right to refuse. Whether a consent is voluntary is determined by the totality of the circumstances, however, and knowledge of the right to refuse consent is not a prerequisite to a valid consent. Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973). We find that the non-coercive circumstances of the encounter between Teniola and the agents amply support the district court's decision that Teniola consented freely to the search of his luggage.
 
 
 12
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and it would not significantly aid the decisional process. We affirm the district court's order denying Teniola's motion to suppress the evidence seized, and we affirm his conviction.
 
 
 13
 AFFIRMED.